NELSON P. COHEN
United States Attorney

GARY M. GUARINO
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAULINE BOWERS,<br><br>             Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>             Defendant. | Case No. 3:06-cv-00155-RRB<br><br>**ANSWER** |

Defendant, United States of America, by and through its attorney, submits this answer and response to the allegations in Plaintiff's Complaint:

1.    Upon information and belief Defendant admits that Plaintiff was a resident of Alaska, in the District of Alaska.  Defendant lacks sufficient knowledge to admit or deny the truthfulness of the remaining allegations in Paragraph 1.

2. The allegations in Paragraph 2 state a legal conclusion as to which no response is required. To the extent a response is required, upon information and belief, Defendant admits that Plaintiff is attempting to assert a claim under the Federal Tort Claims Act (FTCA).

3. Upon information and belief, Defendant admits that Dr. Neil Murphy, as a health care provider at the Alaska Native Medical Center (ANMC), may be deemed to be an employee of the United States under 25 U.S.C. §450f(d), to the extent he provided medical care to Plaintiff within the scope of his employment.

4. Upon information and belief, Defendant admits that ANMC is operated by the Alaska Native Tribal Health Consortium (ANTHC) and that ANTHC has entered a compact and funding agreement with the United States Indian Health Service (IHS) under which ANMC provides medical services in to Alaska Natives in Anchorage, Alaska. The remaining allegations are denied.

5. Upon information and belief, Defendant admits that Dr. Neil Murphy was acting within the scope of his employment to the extent he provided medical care to Plaintiff at the ANMC. The remaining allegations are denied.

6. Defendant admits that an administrative claim was received by the United States Department of Health and Human Services on December 13, 2005

and that more than six months have passed without a final disposition of the claim. Defendant lacks sufficient knowledge to admit or deny the truthfulness of the remaining allegations, accordingly they are denied.

7. The allegations in Paragraph 7 state a legal conclusion as to jurisdiction to which no response is required. To the extent a response is required, Defendant admits that Plaintiff is attempting to assert a claim under the FTCA and that this Court has jurisdiction over claims under the FTCA.

8. Upon information and belief, Defendant admits the allegations.

9. Upon information and belief, Defendant admits that Plaintiff was pregnant and was admitted to ANMC for her pregnancy and that during her labor and delivery the doctors decided to perform a cesarean delivery.

10. Upon information and belief, Defendant admits that in November 2005 Plaintiff was discovered to have a foreign body in her abdomen that was determined to be a laparotomy sponge. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 10, accordingly they are denied.

11. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations of Paragraph 11, accordingly they are denied.

12. Upon information and belief, Defendant admits that on or about November 19, 2005, Plaintiff was seen at the Samuel Simmonds Memorial Hospital in Barrow, Alaska and that abdominal x-rays indicated that Plaintiff had a foreign body in her abdomen that appeared to be a laparotomy sponge. Defendant lacks sufficient knowledge to admit or deny the truth of the remaining allegations in Paragraph 12, accordingly they are denied.

13. Upon information and belief, Defendant admits that in November 2005 Plaintiff had surgery and that a sponge was removed from her body.

14. Defendant incorporates its responses in Paragraphs 1 to 13 above.

15. The allegations are denied either directly or because Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 15.

16. Defendant lacks sufficient knowledge to admit or deny the truth of the allegations in Paragraph 16, accordingly they are denied.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's damages and recovery, if any, are subject to and limited by the provisions of Alaska statutory and common law, including AS 09.17.010 to AS 09.17.900, to the extent that these laws are not inconsistent with the FTCA.

3. To the extent that Plaintiff, in this action, asserts injury or damage claims or claims of negligence that were not raised in the administrative claim, such claims are barred under 28 U.S.C. §2675.

4. To the extent that it is allowed under federal and state law, including AS 09.55.548, the Defendant is entitled to a credit or offset for any past or future benefits paid for or payable by, in whole or in part, state or federal government programs not subject to subrogation. The amount of damages awarded in this action, if any, should be reduced accordingly.

5. Under AS 09.55.548, Plaintiff's recovery, if any, is limited to those amounts in excess of the amounts paid to or for Plaintiff from any collateral sources. The amount of damages awarded in this action, if any, should be reduced accordingly.

6. Pursuant to 28 U.S.C. §2674, Plaintiff is not entitled to recovery of punitive damages.

7. Pursuant to 28 U.S.C. §2674, Plaintiff is not entitled to recovery of prejudgment interest on any damages award.

8. Attorney fees are only recoverable as part of a judgment and not in addition thereto, 28 U.S.C. §2678.

9. Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these additional defenses as they are ascertained through discovery.

Wherefore, Defendant generally denies that Plaintiff is entitled to any recovery, and Defendant requests that Plaintiff's Complaint be dismissed, that judgment be entered in favor of Defendant, and that the Court award Defendant costs and such other relief to which it is entitled.

Respectfully submitted this 12th day of September, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Gary M. Guarino
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: gary.guarino@usdoj.gov
AK# 8209092

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2006,
a copy of the foregoing Answer was served
via U.S. mail on:

David Henderson
Law Offices of David Henderson
P.O. Box 2441
Bethel, AK 99559


s/ Gary M. Guarino